IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony D. Sanders, | ) | C/A No.: 1:11-1348-CMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden FCI Edgefield, | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter comes before the court upon Petitioner's motion seeking discovery and a motion for an extension to respond to Respondent's motion for summary judgment [Entry #24]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), all pretrial proceedings have been referred to the undersigned.

Petitioner seeks discovery based on his allegations that he does not understand "the appropriate procedure for securing and/or satisfying the requirement of affidavits." [Entry #24 at 2]. In habeas corpus cases, leave of court is required for the parties to conduct discovery. *See* Rules Governing § 2254 Cases, Rule 6(a). Any party requesting discovery in a habeas corpus action must provide reasons for the request. Rules Governing § 2254 Cases, Rule 6(b). The Supreme Court has held that "the 'broad discovery provisions' of the Federal Rules of Civil Procedure do not apply in habeas proceedings." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citing to *Harris v. Nelson*,

394 U.S. 286 (1969)). Petitioner must set forth specific allegations "show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id*. at 908–909. Petitioner argues that he needs discovery in order to properly secure affidavits, but provides no information about the specific discovery he seeks or from whom he seeks to secure affidavits. Additionally, Petitioner admits that he has "very little understanding of the discovery rule," but nevertheless believes discovery is vital to his ability to make a meaningful response. [Entry #24 at 2]. Petitioner has not set forth specific reasons indicating he may be able to demonstrate he is entitled to relief if he is allowed discovery. Therefore, the motion for discovery is denied.

Petitioner also requests an extension of over five months to respond to Respondent's motion for summary judgment. The undersigned finds that an extension of five months is excessive, but grants Petitioner an extension of 90 days, until March 5, 2012, to respond to the motion for summary judgment. No further extensions will be granted absent exceptional circumstances.

IT IS SO ORDERED.

December 5, 2011                                           Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge