IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anthony D. Sanders, | ) | C/A No: 1:11-1348-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Atkins, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Anthony D. Sanders is incarcerated at the Federal Correctional Institution in Edgefield, South Carolina and is serving a 36 year term imposed by the Superior Court of the District of Columbia for rape while armed. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his federal sentence.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. for a Report and Recommendation on Respondent's motion for summary judgment. [Entry # 21]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #22]. Petitioner filed a response [Entry #34], as supplemented [Entry #38]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion be granted.

I.   Procedural Background

Petitioner was originally sentenced on May 27, 1994. [Entry #21-1 at 1]. After he became eligible for parole consideration, the United States Parole Commission ("Commission") conducted an initial hearing on November 20, 2001. [Entry #21-2]. The Commission determined that Petitioner's parole guideline range was 115 to 121 months to be served. [Entry #21-3 at 1]. The Commission denied parole by Notice of Action dated January 8, 2002 and continued Petitioner to a three-year reconsideration hearing in November 2004. *Id.*

At Petitioner's reconsideration hearing on November 30, 2004, the Commission determined that it had erred in calculating the parole guidelines and issued a corrected Notice of Action dated December 22, 2004 that reflected parole guidelines of 115 to 131 months based on Petitioner's intervening two institutional infractions for engaging in a sex act and minimal involvement in programs. [Entry #21-4]. On December 23, 2004, the Commission issued its decision denying petitioner parole and continuing him to a hearing in November 2007. [Entry #21-6]. This decision exceeded the parole guidelines and the Commission provided the following explanation for its decision: "[Y]ou are a more serious risk than indicated by the guidelines in that you are serving for a serious, assaultive sexual offense and you have received DHO level disciplinary reports for two sex offenses committed in prison since your last parole hearing." *Id.*

At Petitioner's reconsideration hearing on October 2, 2007, the hearing examiner recommended Petitioner be paroled as the guidelines indicated. [Entry #21-7]. The Commission disagreed and by Notice of Action dated October 25, 2007 denied parole

and continued Petitioner to a hearing in 2010. [Entry #21-8]. The Commission explained that it had decided to exceed the guidelines because Petitioner was a more serious risk than indicated by the parole guideline range. *Id.*

In December 2009, the Commission determined that Petitioner was eligible for consideration under the 1987 D.C. Board of Parole's guidelines (the "1987 guidelines") based upon the rule promulgated in *Sellmon v. Reilly*, 551 F. Supp. 2d 66 (D.D.C. 2008).[1] [Entry #21-9]. At his December 30, 2009 hearing, the examiner determined by application of the 1987 guidelines that Petitioner's initial point score ("grid score") was a 2, which, under the 1987 guidelines, indicated Petitioner should be granted parole at his initial consideration. [Entry #21-10]. The hearing examiner also determined that Petitioner's then-current grid score was 0, which, under the 1987 guidelines, indicated parole should be granted at the current consideration. *Id.* The hearing examiner recommended that Petitioner be paroled on June 27, 2010, after service of 196 months. *Id.*

The Commission disagreed with the hearing examiner's recommendation and denied parole in a Notice of Action dated March 8, 2010, departing from the 1987

---

[1] After *Sellmon v. Reilly*, 551 F. Supp. 2d 66 (D.D.C. 2008), which found that application of the amended and supplemented regulations to D.C. Code offenders who had committed their crimes before the transfer of authority to the Commission could violate the e*x post facto* clause, the Commission promulgated a rule calling for application of the 1987 guidelines to any offender who committed his crime between March 4, 1985 (as the effective date of the 1987 guidelines), and August 4, 1998 (the last day the D.C. Board of Parole exercised parole release authority)("Sellmon rule"). 74 Fed. Reg. 34688 (July 17, 2009)(interim rule, effective August 17, 2009) and 74 Fed. Reg. 58540 (November 13, 2009)(final rule).

3

guidelines, and ordered reconsideration in 12 months. [Entry #21-11]. The Commission explained its decision by stating that "you are a more serious parole risk than shown by your point score because of your sexually assaultive behavior and your continued disciplinary infractions while incarcerated." *Id.*

At Petitioner's reconsideration hearing on February 3, 2011, the hearing examiner, applying the 1987 guidelines, found that Petitioner's grid score again indicated that he should be granted parole at this hearing and recommended parole after service of 214 months. [Entry #21-12]. The Commission disagreed with the hearing examiner's recommendation, denied parole, and continued petitioner "to expiration," *i.e.*, until the expiration of his sentence, less good time credits. [Entry #21-13]. In its Notice of Action dated April 6, 2011, the Commission provided the following reasons for its decision:

> [A] departure from the guidelines at this consideration is found warranted because the Commission finds there is a reasonable probability that you would not obey the law if released and your release would endanger the public safety. You are a more serious parole risk than shown by your point score because you approached a female victim and placed a broken bottle against her neck and demanded money. In addition, you forced her to walk to the rear of a school building at which time you had sex with her against her will. During your incarceration period you engaged in two disciplinary infractions described as "Engaging in Sexual Act." Although your last disciplinary infraction of this nature was in July of 2004, it is our belief that you pose a threat to the community, which makes you a more serious risk than indicated by your Grid Score.

*Id.*

Upon reconsideration of its decision, the Commission decided to vacate the decision to continue petitioner to expiration, and its Notice of Action dated October 25, 2011, ordered a reconsideration hearing after the service of 36 months from the last

4

hearing. [Entry #21-14]. Respondent notes that Petitioner will receive a hearing in February 2014. Petitioner's release date is calculated by the BOP as August 15, 2016. [Entry #21-1 at 1].

II.   Discussion

   A.   Federal Habeas Issues

Petitioner claims that he has been denied the right to have his eligibility and suitability for parole determined under the 1987 guidelines and the procedures provided therein. He claims that the Commission acted arbitrarily, unfairly, and abused its discretion in departing from the determination of parole suitability under the 1987 guidelines. Petitioner requests an order requiring the Commission to grant him a rehearing within 30 days in compliance with the 1987 guidelines, with the Commission's discretionary considerations being limited.

   B.   Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C. Analysis

In his motion for summary judgment, Respondent submits that Petitioner's petition alleges some eight grounds for habeas relief. In his response, Petitioner argues that Respondent misapprehends his grounds and he clarifies that "neither [his petition], nor the claims inferred therein, were accurately perceived by Respondent." [Entry #38 at 2]. In his response, Petitioner states that he "is now compelled to clarify for the record

and this Honorable Court exactly for what Petitioner's claims are," expressly stating as follows:

1) Petitioner is, and always has been, entitled to have eligibility and suitability for parole determined under the District of Columbia Board of Parole 1987 version of Parole Guidelines.

2) The procedures established in the District of Columbia Board of Parole 1987 version of Parole Guidelines have not been adhered to, depriving Petitioner of the fair and complete parole rehearings that the 1987 version of the Guidelines demand.

3) The United States Parole Commission acted arbitrarily, unfairly, and abused its discretion by departing from the determination of parole suitability indicated under the 1987 version of Parole Guidelines.

[Entry #38 at 3-4].

Respondents did not file a reply, but the motion appears to address the major arguments raised in Petitioner's latest filing. In the motion, Respondent notes that Petitioner has already received parole consideration under the 1987 guidelines, which indicated that parole should be granted. However, Respondent notes that the Commission decided to exceed the 1987 guidelines, thus, Petitioner remains in custody not because of the guideline calculation, but because the Commission decided to depart above the guidelines. Departures from the 1987 guidelines are permitted thereunder. Respondent argues correctly that eligibility for parole means only that the prisoner is entitled to a parole hearing and to be considered for parole. The Constitution does not give prisoners any inherent liberty interest in parole. *See Greenholtz v. Inmates of Nebraska Penal Correctional Complex,* 442 U.S. 1, 7 (1979) (holding that there is no inherent or constitutional right for a convicted person to be released prior to the

expiration of a valid sentence). Further, the D.C. parole statute and applicable regulations do not create a liberty interest in parole. *Price v. Barry*, 53 F. 3d 369, 370 (D.C. Cir. 1995) (holding that the District of Columbia Code did not create an expectancy of release).

As to the first claim, Respondent's motion concedes that since *Sellmon* was decided in 2008, Petitioner has been entitled to have his parole determined under the 1987 guidelines. Petitioner's second and third claims are interrelated and will be addressed in combination.

Petitioner claims that the Commission has failed to adhere to the 1987 guidelines and unfairly departed from the guidelines when it denied him parole when the guidelines otherwise indicated he was eligible for parole. He claims that he was given three parole rehearings on the same date (December 30, 2009) and that he was not provided the required Notice of Action sheets informing him of the Commission's decisions and reasons for denying parole. Petitioner claims that he should have been given at least a 30-day separation period between the rehearings to allow for proper reconsideration.

Petitioner does not cite to the record for his allegation that he was given three parole rehearings on December 30, 2009, and the undersigned has been unable to find support for his allegation otherwise. The record reflects a hearing summary for December 30, 2009. [Entry #21-10]. Petitioner became entitled to this hearing due to the *Sellmon* rule.

Next, Petitioner alleges that any disciplinary infractions considered under the 1987 guidelines are to be considered under Department of Corrections due process procedures,

whereby he claims he would have been able to demonstrate his innocence, or otherwise that they should not have been considered because they occurred more than three years prior to the hearing date. Judicial review of the Parole Commission's decision is limited to whether the agency complied with the applicable statute or rule, and may not extend to the decision itself. *See Garcia v. Neagle*, 660 F.2d 983, 989 (4th Cir. 1981), *cert denied*, 454 U.S. 1153 (1982) (judicial review is limited where Congress has committed the action to agency discretion); *Smith v. Quick*, 680 A.2d 396, 398 (D.C. 1996)(declining to review the merits of a parole denial that overrode a favorable grid score based upon the prisoner's rape, burglary, and assault background). To the extent that Petitioner is claiming that the Commission has violated his due process rights, there is no due process right to parole under D.C. law. *See Brandon v. District of Columbia Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987) (declining to find that D.C. parole procedures created a liberty interest in release on parole); *Ellis*, at 1420 (parole guidelines adopted for D.C. prisoners do not create liberty interest).

Next, Petitioner argues that the Commission should not be authorized to cite to matters not limited to a realistic assessment of the risk of recidivism or current aberrant institutional conduct, claiming that the minimum sentence imposed by the sentencing court appropriately accounts for a parole candidate's offense severity and accountability otherwise. The court must reject Petitioner's argument that the Commission should be limited in its consideration of matters in assessing the suitability of parole. The list of factors the Commission may consider is not exhaustive. *See Ellis*, at 1418-19 (finding that among the factors that the D.C. Board could refer to for exceeding the guideline,

9

were "other" and "other change in circumstances," and that "other " is "scarcely restraining language").

Petitioner claims that the Commission "acted arbitrarily, unfairly, and abused its discretion" by departing from the determination of parole suitability indicated under the 1987 Guidelines. The parole statute confers the Commission with extensive discretion in determining whether to grant or deny parole. *Ellis* at 1415, *cf. James v. Robinson*, 863 F. Supp. 275, 277 (E.D. Va. 1994), *aff'd* 45 F.3d 426 (4th Cir. 1994)(considering the Virginia parole statute and regulations and concluding that there is no constitutionally protected liberty interest in a parole regulation that requires a determination to be made, when that determination is dependent upon the "unfettered discretion of parole officials."); *Duckett v. Quick*, 282 F.3d 844, 847(D.C. Cir. 2002)(stating that revocation of parole would violate due process if the decision is ". . . either so totally lacking in evidentiary support or were so irrational as to be fundamentally unfair . . .").

The 1987 guidelines permit the Commission to depart from the parole determination suggested by the guidelines "in unusual circumstances." D.C. Mun. Regs. (DCMR) Title 28 § 204.22; McRae v. Hyman, 667 A.2d 1356, 1360-61 (D.C. 1995)(upholding D.C. Board's departure from the guidelines for repeat violent offender). In Petitioner's case, the Commission determined that based upon the nature of his criminal record, which included rape while armed, and his record of committing sex-related infractions while in prison, he was a more serious risk for release on parole because of the possibility that he would not obey the law, and would thus be a danger to public safety. The Commission complied with its obligation to consider the statutory

parole criteria and its decision to grant parole was permitted by the 1987 guidelines. *See White v. Hyman*, 647 A.2d 1175, 1179-80 (D.C. 1994) (finding that D.C. Code § 24-404(a) ". . . is phrased in discretionary terms, and leaves it to the Board to determine whether the prisoner is likely to be a responsible citizen if he is returned to the community and whether release on parole is consistent with the public safety."). The Commission's decision reflected a rational basis in the Notice of Action. *See Hawkins v. United States Parole Comm'n*, 511 F. Supp. 460, 462-63 (E.D. Va. 1981), quoting *Grimes v. Garrison*, CA No. 80-0420-R (E.D. Va. 1981), aff'd mem., 679 F.2d 881 (4th Cir. 1982)("[t]he nature and chronology of an offense may be taken into account to justify a decision above the guidelines even though the offense was counted in a determination of . . . the salient factor score.").

Finally, Petitioner argues that the most recent denial of parole lacks a statement of reasons that will be sufficiently detailed to permit judicial review. The undersigned disagrees. The reasons provided by the Commission on Petitioner's Notice of Action are adequate reasons for departing from the guidelines, because public safety is a legitimate concern under D.C. law. See D.C. Code § 24-404(a); *Hannah v. Bureau of Prisons*, 2005 WL 1162519 *3 (E.D. Va. 2005)(holding that the prisoner's "risk to the community is a relevant factor to be considered at each parole hearing, and necessarily includes consideration of the underlying offense"); *Smith v. Quick*, 680 A.2d at 398 (written explanation indicating factors favoring incarceration, such as history of assaultive criminal behavior, is a sufficient explanation).

III. Conclusion

For the foregoing reasons, it is recommended that Petitioner's habeas petition be dismissed and Respondent's motion for summary judgment [Entry #21] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 6, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).